**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 5220187-U

Order filed October 12, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 5-22-0187 Circuit No. 22-DT-1801 |
| | ) | |
| DAVID I. CATES, | ) ) | Honorable Tameeka L. Purchase, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court did not err in granting defendant's petition to rescind his statutory summary suspension.

¶ 2    The State appeals the St. Clair circuit court's rescission of defendant David I. Cates's statutory summary suspension, arguing that the court erred in finding that there were no reasonable grounds to arrest defendant for driving under the influence. For the reasons that follow, we affirm.

¶ 3                                                  **I. BACKGROUND**

¶ 4         On January 6, 2022, defendant was charged by citation with driving under the influence (625 ILCS 5/11-501(a)(5) (West 2020)). Defendant filed a petition to rescind the statutory summary suspension, arguing that the police did not have probable cause to arrest him and that the police improperly amended his citation.

¶ 5         At the hearing on defendant's petition, Officer Julian Feix testified that on the night of defendant's arrest, he responded to a call regarding a male "passed out" behind the wheel of a white Ford pickup truck in the middle of a traffic lane. When he arrived on the scene, Feix observed that the truck had been moved to a nearby parking lot. Two officers were in the parking lot speaking with defendant. Feix met with a female witness who indicated to him that defendant was the person found unconscious behind the wheel.

¶ 6         Feix approached defendant and asked him what happened, to which defendant responded that he did not know. Defendant admitted to drinking alcohol but could not say how much he drank. Feix testified that he observed defendant had glassy eyes and told defendant as much. He also told defendant that his glassy eyes, as well as the fact that he was found unconscious behind the wheel and did not know what happened, indicated to Feix that defendant was impaired. Feix also testified that he smelled the odor of alcoholic beverage emitting from defendant and that he was swaying while standing in place but admitted he did not tell defendant about these observations.

¶ 7         Feix chose to arrest defendant for DUI based on his observations and the 911 caller who observed defendant passed out behind the wheel at a stoplight. He did not perform any field sobriety tests or a breath test due to the extreme cold that day and because he believed he had probable cause without performing those tests.

¶ 8    The citation Feix issued to defendant listed the charge as driving under the influence of a "combination" of drugs and/or alcohol (625 ILCS 5/11-501(a)(5)). After following procedure to deliver the citation to the appropriate person that would then send it to the Secretary of State, Feix's supervisor, Patrol Sergeant James Mason, became aware of the arrest.

¶ 9    Mason reviewed the report and asked Feix to make amendments to it. Mason requested Feix draft a more thorough description of the probable cause leading to the arrest "because of the potential of this becoming a high profile case." He also asked Feix to amend the statutory subsection from 501(a)(5) to 501(a)(2), which was the designation for an alcohol related DUI. Mason told Feix that based on the report he did not see any indication that drugs were involved, and it seemed to him that Feix meant to issue a citation for an alcohol-related DUI. He asked Feix to inform him if this was incorrect.

¶ 10    Feix chose to amend the citation to charge defendant under subsection 501(a)(2). 625 ILCS 5/11-501(a)(2). He also amended the probable cause portion of his report to include that he responded to a call where defendant was reportedly unconscious behind the wheel in the middle of a traffic lane. His amendments also included that he observed bloodshot and glassy eyes, there was an odor of alcoholic beverage emitting from defendant, and defendant was swaying while they spoke and needed assistance to walk to the vehicle upon arrest.

¶ 11    A DVD from Feix's patrol car recording was entered into evidence and observed by the court. The video established that while Feix drove to the location, dispatch informed him that the suspect was out of the car blocking traffic and appeared intoxicated. At the scene, a witness pointed defendant out to Feix. Two other officers were present at the scene when Feix arrived. Most of the interaction between Feix and defendant took place off camera, with only Feix's microphone on his body recording the incident. In the video, Feix can be overheard telling

3

another officer on the scene that he did not feel the need to perform any tests on defendant because he had enough probable cause to arrest him for DUI. Approximately three and a half minutes after Feix arrived on the scene, he arrested defendant. The video recordings from the other two officers' vehicles were not submitted to the court.

¶ 12        After arguments, the circuit court took the matter under advisement. It later issued a written order granting defendant's motion to rescind. The order found that there was no probable cause to arrest defendant under either the original or amended citation. The court further indicated that it:

> "[did] not find the testimony of Officer Feix persuasive under these circumstances. Officer Feix's statements at the scene, original sworn report, amended sworn report (which Officer Feix issued at the direction of his Sergeant, who was not present during the arrest of the Defendant), and his testimony are not consistent. Additionally, Officer Feix's testimony that Defendant was swaying and that his speech was slurred was not corroborated by the audio/video recording submitted to the Court as People's Exhibit I. Officer Feix did not perform any field sobriety tests or offer Defendant a portable breath test prior to placing Defendant under arrest, which occurred in less than 4 minutes after Officer Feix arrived on the scene. Therefore, the Defendant has sustained his *prima facie* burden to grant recission and the State has failed to rebut that *prima facie* case with sufficient evidence."

¶ 13        The court also found that the police did not have the authority to amend the citation from a section 501(a)(5) violation to a section 501(a)(2) violation. The State appealed the court's ruling.

4

¶ 14                                       II. ANALYSIS

¶ 15         On appeal, the State argues that the court erred in finding that Feix lacked the probable

cause necessary to arrest defendant for a DUI and in rescinding his statutory summary

suspension. Specifically, it contends that Feix's testimony, coupled with the information

obtained from the 911 call, was sufficient to establish reasonable grounds to arrest defendant for

driving under the influence. Additionally, the State argues that the court's finding that Feix's

amendment to defendant's citation was improper was not a basis for granting his petition to

rescind.

¶ 16         Section 2-118.1 of the Illinois Vehicle Code provides that when a person receives notice

of a summary suspension of his driver's license pursuant to section 11-501.1 of the Code, he may

request a hearing to rescind the statutory summary suspension. 625 ILCS 5/2-118.1(b), 11-

501(b). " 'A statutory summary suspension hearing is a civil action where the defendant

motorist, as the petitioner, requests the judicial rescission of a suspension, and the State is placed

in the position of a civil defendant.' " *People v. Araiza*, 2020 IL App (3d) 170735, ¶ 15 (quoting

*People v. Tibbetts*, 351 Ill. App. 3d 921, 926 (2004)).

¶ 17         A specific ground that may be pled in a petition to rescind is "[w]hether the officer had

reasonable grounds to believe that the person was driving *** while under the influence." *Id.*

When a defendant asserts that the arresting officer did not have reasonable grounds to believe he

was driving under the influence as one of the bases for his petition to rescind, the trial court may

utilize a probable cause analysis. *People v. Wear*, 229 Ill. 2d 545, 560 (2008); see also *People v.*

*Fonner*, 385 Ill. App. 3d 531, 539-40 (2008) (in proceedings on a statutory summary suspension

"reasonable grounds" is synonymous with "probable cause"). Under this standard, the arresting

officer must have " 'more than a mere suspicion, but [is] not require[d] *** to have evidence

5

sufficient to convict.' " *Id.* Thus, defendant had to prove, by a preponderance of the evidence, that Feix did not have probable cause to believe he was under the influence of alcohol. In this context, our supreme court has noted that:

> "Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime. That is, the existence of probable cause depends upon the totality of the circumstances at the time of the arrest." *Wear*, 229 Ill. 2d at 560-61 (2008).

¶ 18    The defendant has the burden of establishing a *prima facie* case for recission. *Fonner*, 385 Ill. App. 3d at 539. If a *prima facie* case is established, the burden shifts to the State to present evidence justifying the suspension. *People v. Helt*, 384 Ill. App. 3d 285, 297 (2008). A trial court's finding regarding whether a defendant has established a *prima facie* case for recission of the statutory summary suspension will not be reversed on appeal unless it is against the manifest weight of the evidence. *Id.* A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent, or its finding is unreasonable, arbitrary, or not based on the evidence. *People v. Sanchez*, 2021 IL App (3d) 170410, ¶ 25. The ultimate legal ruling as to whether a petition to rescind should be granted is reviewed *de novo*. *People v. Davis*, 2012 IL App (2d) 110581, ¶ 48.

¶ 19    Here, when explaining the reasoning behind its conclusion to grant defendant's petition to rescind, the court found Feix's testimony unpersuasive and inconsistent. Specifically, the court stated that it found Feix's testimony inconsistent because his testimony did not correspond with what the court observed in the video. A circuit court's credibility findings are given great deference on review. See, *e.g.*, *People v. Saxon*, 374 Ill. App. 3d 409, 416-17 (2007). The court

6

explained its reasoning for this determination, noting that while Feix testified that defendant was swaying and had to be assisted to the police car, the only time defendant appeared on video, he did not appear to need any assistance. Further, Feix testified that defendant was slurring his words, but the court did not observe any difficulties in defendant's speech in the video. The court emphasized that Feix determined no field sobriety tests were necessary and arrested defendant after less than four minutes of interaction with defendant. Based on Feix's inconsistent testimony and the lack of corroborating evidence from the video and his reports, the court found that it was not reasonable for Feix to believe defendant had committed a DUI.

¶ 20　　　Given our deference to the circuit court's credibility determination, its findings and reasons therefor, and our review of the record, we cannot say that a conclusion opposite to that reached by the circuit court is clearly evident. See *Sanchez*, 2021 IL App (3d) 170410 ¶ 25. Accordingly, we do not find manifest error in the court's determination that Feix did not have reasonable grounds to arrest defendant and in its rescission of the statutory summary suspension. See *id.*

¶ 21　　　The circuit court also made certain findings regarding the amended citation. It found that the police department had no authority to amend the citation and did so in violation of 725 ILCS 5/111-5 (West 2022). No matter whether this is correct, it does not change the analysis above, as the court found that Feix lacked reasonable grounds to arrest under both the original and amended citation. We therefore will not address this argument on appeal.

¶ 22　　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　The judgment of the circuit court of St. Clair County is affirmed.

¶ 24　　　Affirmed.

7